**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4053**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TROY LARON MCKNIGHT, a/k/a Black,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:11-cr-00057-RCC-1)

_____

Submitted:  August 3, 2012          Decided:  August 28, 2012

_____

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tim C. Carrico, CARRICO LAW OFFICES, Charleston, West Virginia,
for Appellant.  Richard Gregory McVey, Assistant United States
Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Laron McKnight appeals his eighty-four-month sentence after he pled guilty pursuant to a plea agreement to one count each of distribution of twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). McKnight's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion when it determined that McKnight's criminal history category did not overstate his criminal history and the likelihood he would commit future crimes. Counsel has also filed a motion to be relieved as counsel for McKnight. McKnight was informed of his right to file a pro se supplemental brief, but has not done so. The Government has not filed a responsive brief.[*] Finding no error, we affirm.

---

[*] Because the Government elected not to file a responsive brief or a motion to dismiss the appeal based on the appellate waiver contained in McKnight's plea agreement, this court has conducted an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this court to perform the Anders review).

2

In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first consider whether the district court committed any procedural error and then "[i]f, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in 18 U.S.C. § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

A district court has discretion to depart downward "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" U.S. Sentencing Guidelines Manual § 4A1.3(b)(1) (2011). Because of the discretion afforded the district court, however, "we lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its

3

authority to do so." United States v. Hackley, 662 F.3d 671, 686 (4th Cir. 2011) (brackets, quotation marks and citation omitted), cert. denied, 132 S. Ct. 1936 (2012). McKnight does not argue, and the record does not disclose, that the district court failed to recognize its authority to depart downward. Thus, we decline to disturb McKnight's below-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. We also deny counsel's motion to be relieved as counsel for McKnight and require that counsel inform McKnight, in writing, of his right to petition the Supreme Court of the United States for further review. If McKnight requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McKnight. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED